# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| USI INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEAST SERIES OF<br>LOCKTON COMPANIES, LLC,<br><br>Defendant. | Civil Action File No.<br><br>1:20-cv-02490-SCJ |

## PLAINTIFF USI INSURANCE SERVICES LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC'S SUPPLEMENTAL INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff USI Insurance Services LLC ("USI") hereby objects and responds to Defendant Southeast Series of Lockton Companies, LLC's ("Lockton") Supplemental Interrogatories to USI Insurance Services LLC as follows:

## SPECIFIC OBJECTIONS AND RESPONSES TO SUPPLEMENTAL INTERROGATORIES

Without waiving the general objections and responses set forth above, which are specifically incorporated as if set forth in each of the following specific responses, USI specifically responds to the following Interrogatories as follows:

**INTERROGATORY NO. 1:** Identify USI's annual gross income for each year from 2019 to present.

**RESPONSE:**

USI objects to Interrogatory No. 1 as Lockton has failed to provide evidence sufficient to show an evidentiary basis for a punitive damage. Lockton's only remaining counterclaim concerns the Marchisotto email and Lockton has offered insufficient evidence that the sending of that one email could support a punitive damage claim under Georgia law. In addition, USI objects to the definition of "USI" as it purports to include "any parent, subsidiary or other entity related to USI. Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), USI refers Lockton to the documents it is producing in response to Lockton's Supplemental Request for Production of Documents. Such documents are designated "**Confidential - Outside Counsel's Eyes Only**" pursuant to the Protective Order entered in this action.

**INTERROGATORY NO. 2:** Identify USI's annual net profit for each year from 2019 to the present, including the amount of net profit and the year in which it was received, each Person who was involved in the calculation of net profit, the gross income used to calculate net profits, the deductible costs used to calculate net profits, the method used to calculate net profits, and all Documents used to calculate net profits.

**RESPONSE:**

USI objects to Interrogatory No. 2 as Lockton has failed to provide evidence sufficient to show an evidentiary basis for a punitive damage. Lockton's only remaining counterclaim concerns the Marchisotto email and Lockton has offered

insufficient evidence that the sending of that one email could support a punitive

damage claim under Georgia law. In addition, USI objects to the definition of "USI"

as it purports to include "any parent, subsidiary or other entity related to USI. USI

further objects to this Interrogatory as it is overly broad to the extent it seeks the

identification of each Person who was involved in the calculation of net profit, the

gross income used to calculate net profits, the deductible costs used to calculate net

profits, the method used to calculate net profits, and all Documents used to calculate

net profits. Subject to and without waiving the foregoing objections, pursuant to Fed.

R. Civ. P. 33(d), USI refers Lockton to the documents it is producing in response to

Lockton's Supplemental Request for Production of Documents. Such documents are

designated "**Confidential – Outside Counsel's Eyes Only**" pursuant to the

Protective Order entered in this action.

**INTERROGATORY NO. 3:** To the extent that USI seeks such information from
Lockton pursuant to a motion to compel, identify any litigation, arbitration, or other
similar proceeding commenced from January 1, 2015 to the present, where a Person
(or Persons) alleged liability against USI for tortious interference with a contractual
relationship, including the caption, the case number, if any, the forum, venue, and
the manner in which the claim was resolved.

**RESPONSE:**

USI objects to Interrogatory No. 3 as Lockton has failed to provide evidence

sufficient to show an evidentiary basis for a punitive damage. Lockton's only

remaining counterclaim concerns the Marchisotto email and Lockton has offered

insufficient evidence that the sending of that one email could support a punitive damage claim under Georgia law. In addition, USI objects to the definition of "USI" as it purports to include "any parent, subsidiary or other entity related to USI. USI further objects to this Interrogatory as it seeks information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the foregoing objection, USI states that as of the date of service of the Responses to the Interrogatories, USI has not filed a Motion to Compel and therefore a response to Interrogatory No. 3 is not required at this time.

**INTERROGATORY NO. 4:** To the extent that USI seeks such information from Lockton pursuant to a motion to compel, identify any litigation, arbitration, or other similar proceeding commenced from January 1, 2015 to the present, where a judgment or award of punitive damages was entered against USI for tortious interference with a contractual relationship, including the caption, the case number, if any, the forum, venue, and the amount of punitive damages awarded.

**RESPONSE:**

USI objects to Interrogatory No. 4 as Lockton has failed to provide evidence sufficient to show an evidentiary basis for a punitive damage. Lockton's only remaining counterclaim concerns the Marchisotto email and Lockton has offered insufficient evidence that the sending of that one email could support a punitive damage claim under Georgia law. In addition, USI objects to the definition of "USI" as it purports to include "any parent, subsidiary or other entity related to USI. USI

further objects to this Interrogatory as it seeks information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the foregoing objection, USI states that as of the date of service of the Responses to the Interrogatories, USI has not filed a Motion to Compel and therefore a response to Interrogatory No. 4 is not required at this time.

**INTERROGATORY NO. 5:** To the extent that USI seeks such information from Lockton pursuant to a motion to compel, identify any entity that has held an insurance license on USI's behalf.

**RESPONSE:**

USI objects to Interrogatory No. 5 as Lockton has failed to provide evidence sufficient to show an evidentiary basis for a punitive damage. Lockton's only remaining counterclaim concerns the Marchisotto email and Lockton has offered insufficient evidence that the sending of that one email could support a punitive damage claim under Georgia law. In addition, USI objects to the definition of "USI" as it purports to include "any parent, subsidiary or other entity related to USI. USI further objects to this Interrogatory as it seeks information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the foregoing objection, USI states that as of the date of service of the Responses to the

Interrogatories, USI has not filed a Motion to Compel and therefore a response to Interrogatory No. 5 is not required.

**INTERROGATORY NO. 6:** Identify every Person who participated in the preparation of USI's responses to these supplemental interrogatories, and for each such Person, identify the interrogatory or interrogatories for which such Person provided responsive information.

**RESPONSE:**

USI objects to Interrogatory No. 6 to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other protection or privilege recognized by law. Subject to and without waiving the foregoing general and specific objections, USI states that the responses to the Interrogatories were prepared using information from a variety of sources, including information from USI's records, with the assistance of USI's counsel. USI further states subject to its objections, that the factual information contained in the responses was verified by Tracy Moore of USI (may be contacted through counsel for USI).

Respectfully submitted this 8th day of September, 2022.

**PARKER, HUDSON, RAINER & DOBBS LLP**

/s/ Jared C. Miller_____
Nancy H. Baughan
Georgia Bar No. 042575
Jared C. Miller

Georgia Bar No. 142219
Julie A. Wood
Georgia Bar No. 023749
Matthew M. Weiss
Georgia Bar No. 718795
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Telephone:  404-523-5300
Facsimile:   404-522-8409
E-mail: nbaughan@phrd.com
        jmiller@phrd.com
        jwood@phrd.com
        mweiss@phrd.com

*Counsel for USI Insurance Services LLC*

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I, Tracy Moore, do hereby declare under penalty of perjury that the following is true and correct:

I hold the position of Regional Chief Financial Officer for USI Insurance Services LLC ("USI").  I have reviewed USI's Responses and Objections to Defendant Southeast Series of Lockton Companies, LLC's Supplemental Interrogatories, which were compiled from a number of sources within USI with the assistance of USI's counsel.  On behalf of USI, I verify that the factual information contained in the foregoing Responses is true and correct to the best of my knowledge, information, and belief.

Executed on September  8 , 2022.

_Tracy Moore_
Tracy Moore

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the within and foregoing **PLAINTIFF USI INSURANCE SERVICES LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC'S SUPPLEMENTAL INTERROGATORIES** upon all counsel of record by e-mail sent to the counsel listed below at the e-mail addresses listed below and by causing a copy of same to be deposited in the U.S. Mail, proper postage prepaid, addressed as follows:

> Joseph D. Wargo, Esq.
> David M. Pernini, Esq.
> Brandon Parrish, Esq.
> Wargo & French LLP
> 999 Peachtree Street, NE, Suite 1120
> Atlanta, Georgia 30309
> jwargo@wfslaw.com
> dpernini@wfslaw.com
> bparrish@wfslaw.com

This 8th day of September, 2022.

/s/ Jared C. Miller
Jared C. Miller