# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON; DEAN ANDERSON; and ROGER MALDONADO<br><br>Plaintiff,<br><br>v.<br><br>USI ADVANTAGE CORP. and USI INSURANCE SERVICES, LLC<br><br>Defendants. | CIVIL ACTION NO. 19-CV-05582-SCJ |

## PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION TO DEFENDANT USI INSURANCE SERVICES LLC

Plaintiffs Taylor Anderson, Dean Anderson, and Roger Maldonado by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, requests that Defendant USI Insurance Services LLC ("Defendant," "USI," or "USI Insurance") produce the documents described below.

This Request for Production covers all documents which are in Defendant's possession, custody or control, available to Defendant, or in the possession, custody, control or available to any representative of Defendant. The requested documents are to be served on Plaintiffs' counsel within the time specified by the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

(a) Each term defined in the Definitions to Plaintiff Jameson Taylor Anderson's Second Interrogatories to USI Insurance Services LLC shall have the same meaning herein as it does in those interrogatories.

(b) These requests extend to all documents in your possession, custody or control, or which you know to exist.

(c) Any documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the numbered paragraphs of this request.

(d) If you withhold under a claim of privilege any document or thing requested herein, furnish a list specifying each document or thing to which the privilege is claimed, together with the following information: the author, the name and title or each recipient, the person or persons to whom copies have been furnished, the date the document was created, the subject matter of the document, the basis upon which privilege is claimed and the paragraph of this request to which each document or thing is responsive.

## REQUESTS FOR PRODUCTION

29. All communications, including but not limited to any emails or text messages, between Beverly Fant and any other person affiliated with USI Insurance, including but not limited to Michael Sicard, Rob Allen, Shawn Beckler,

Paul Hanig, Rob Myers, Denyce Curtis, Dean Anderson and Roger Maldonado, from March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize, restructure, increase or decrease the number of employees working in, or alter the responsibilities, scope, duties, or activities of USI Insurance's National Aviation Practice Group.

30. All communications, including but not limited to any emails or text messages, between Rob Allen and any other person affiliated with USI Insurance, including but not limited to Michael Sicard, Shawn Beckler, Paul Hanig, Rob Myers, Denyce Curtis,  Dean Anderson, Roger Maldonado, and Beverly Fant, from March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize USI Insurance's National Aviation Practice Group.

31. All communications, including but not limited to any emails or text messages, between Michael Sicard and any other person affiliated with USI Insurance, including but not limited to Rob Allen, Shawn Beckler, Paul Hanig, Rob Myers, Denyce Curtis,  Dean Anderson, Roger Maldonado, and Beverly Fant, from March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize USI Insurance's National Aviation Practice Group.

32. All communications, including but not limited to any emails or text messages, between Shawn Beckler and any other person affiliated with USI Insurance, including but not limited to Michael Sicard, Rob Allen, Paul Hanig,

Rob Myers, Denyce Curtis, Dean Anderson, Roger Maldonado, and Beverly Fant, from March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize USI Insurance's National Aviation Practice Group.

33. All communications, including but not limited to any emails or text messages, between Paul Hanig and any other person affiliated with USI Insurance, including but not limited to Michael Sicard, Rob Allen, Shawn Beckler, Rob Myers, Denyce Curtis, Dean Anderson, Roger Maldonado, and Beverly Fant, from March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize USI Insurance's National Aviation Practice Group.

34. All communications, including but not limited to any emails or text messages, between Denyce Curtis and any other person affiliated with USI Insurance, including but not limited to Michael Sicard, Rob Allen, Shawn Beckler, Rob Myers, Paul Hanig, Dean Anderson, Roger Maldonado, and Beverly Fant, from March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize USI Insurance's National Aviation Practice Group.

35. All communications, including but not limited to any emails or text messages, between Rob Myers and any other person affiliated with USI Insurance, including but not limited to Michael Sicard, Rob Allen, Shawn Beckler, Denyce Curtis, Paul Hanig, Dean Anderson, Roger Maldonado, and Beverly Fant, from

March 1, 2019 to December 9, 2019 pertaining to any plans or discussions to reorganize USI Insurance's National Aviation Practice Group.

36. All communications between Rob Allen and Taylor Anderson, including but not limited to any emails or text messages, pertaining to any request by Taylor Anderson for additional support to better serve USI Insurance's clients.

37. All communications, including but not limited to any emails or text messages, between any USI Insurance employee, contractor, or agent and any Relevant Client Account, from December 9, 2019 to present referencing, mentioning, or relating to any of the Plaintiffs and/or their separation from employment with USI Insurance.

38. Documents sufficient to identify the date and identities of any new service team, whether composed of USI Insurance employees or contractors (including without limitation R-T Specialty, Inc. and Shan Rogers), assigned to each Relevant Client Account.

39. All communications, between Shan Rogers and/or R-T Specialty, Inc. and any Relevant Client Account which references any Plaintiff.

40. All communications, including but not limited to any emails or text messages, between any USI Insurance employee, contractor, or agent and any Relevant Client Account, from December 9, 2019 to present notifying USI

Insurance of the client's intention to move any or all of its insurance business, in part or whole, from USI Insurance.

41. All communications, including but not limited to any emails or text messages, between any USI Insurance employee, contractor, or agent and any Relevant Client Account, from December 9, 2019 to present addressing, explaining or otherwise referencing any movement of the client's insurance business, in part or whole, from USI Insurance.

42. For any producer and/or executive in USI Insurance's Atlanta office who gave USI Insurance prior notice of an intent to resign from January 1, 2015 to January 1, 2020, produce copies of their contracts that required that they provide advance resignation notice to USI Insurance.

43. Produce all documents that reflect, refer, or relate to USI Insurance's policies, procedures, or practices with respect to the terms, conductions, limitations, or restrictions of a producer and/or executive's employment at USI during the period of time after the employee gives notice of resignation, and the time that the employee actually separates his/her employment with USI Insurance.

44. Documents establishing any "territory" Dean Anderson was "assigned" during his last twelve months of employment with USI Insurance as referenced in Section 7.5(c) of Dean Anderson's Employment Agreement.

45. Documents sufficient to identify each "area in the United States where the Company has conducted USI Business" during Dean Anderson's last twelve months of employment with USI Insurance as set forth in Section 7.5(d) of Dean Anderson's Employment Agreement.

46. All Documents evidencing or supporting any allegation by USI Insurance that the term "Company" as used in Sections 7.5, 7.6 and 7.7 of the Dean Anderson Employment Agreement, Sections 7.5 and 7.6 of the Taylor Anderson Employment Agreement, and/or Sections 4.5 and 4.6 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement encompasses any entity other than Wells Fargo Insurance USA, Inc.

47. Documents sufficient to establish any contention by USI Insurance that it is a successor-in-interest to Wells Fargo Insurance USA, Inc.

48. Produce each amendment to the Dean Anderson Employment Agreement.

49. Produce each amendment to the Taylor Andersons Employment Agreement.

50. Produce each amendment to the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement.

51. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson violated Section 7.5 of the Dean Anderson Employment Agreement.

52. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson's alleged breach of Section 7.5 of the Dean Anderson Employment Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

53. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson's alleged breach of Section 7.5 of the Dean Anderson Employment Agreement caused it to suffer any type of harm, financial or otherwise.

54. All Documents evidencing or supporting any allegation by USI Insurance that Taylor Anderson violated Section 7.5 of the Taylor Anderson Employment Agreement.

55. All Documents evidencing or supporting any allegation by USI Insurance that Taylor Anderson's alleged breach of Section 7.5 of the Taylor Anderson Employment Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

56. All Documents evidencing or supporting any allegation by USI Insurance that Taylor Anderson's alleged breach of Section 7.5 of the Taylor

Anderson Employment Agreement caused USI Insurance to suffer any type of harm, financial or otherwise.

57. All Documents evidencing or supporting any allegation by USI Insurance that Roger Maldonado violated Section 4.5 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement.

58. All Documents evidencing or supporting any allegation by USI Insurance that Roger Maldonado's alleged breach of Section 4.5 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

59. All Documents evidencing or supporting any allegation by USI Insurance that it has suffered any type of harm, financial or otherwise, caused by Roger Maldonado's alleged breach of Section 4.5 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement.

60. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson violated Section 7.6 of the Dean Anderson Employment Agreement.

61. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson's alleged breach of Section 7.6 of the Dean

Anderson Employment Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

62. All Documents evidencing or supporting any allegation by USI Insurance that it has suffered any type of harm, financial or otherwise, caused by Dean Anderson's alleged breach of Section 7.6 of the Dean Anderson Employment Agreement.

63. All Documents evidencing or supporting any allegation by USI Insurance that Taylor Anderson violated Section 7.6 of the Taylor Anderson Employment Agreement.

64. All Documents evidencing or supporting any allegation by USI Insurance that Taylor Anderson's alleged breach of Section 7.6 of the Taylor Anderson Employment Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

65. All Documents evidencing or supporting any allegation by USI Insurance that it has suffered any type of harm, financial or otherwise, caused by Taylor Anderson's alleged breach of Section 7.6 of the Taylor Anderson Employment Agreement.

66. All Documents evidencing or supporting any allegation by USI Insurance that Roger Maldonado violated Section 4.6 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement.

67. All Documents evidencing or supporting any allegation by USI Insurance that Roger Maldonado's alleged breach of Section 4.6 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

68. All Documents evidencing or supporting any allegation by USI Insurance that it has suffered any type of harm, financial or otherwise, caused by Roger Maldonado's alleged breach of Section 4.6 of the Roger Maldonado Confidentiality Non-Solicitation & Non-interference Agreement.

69. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson violated Section 7.7 of the Dean Anderson Employment Agreement.

70. All Documents evidencing or supporting any allegation by USI Insurance that Dean Anderson's alleged breach of Section 7.7 of the Dean Anderson Employment Agreement caused a client to separate, alter, or diminish its business relationship with USI Insurance.

71. All Documents evidencing or supporting any allegation by USI Insurance that it has suffered any type of harm, financial or otherwise, caused by Dean Anderson's alleged breach of Section 7.7 of the Dean Anderson Employment Agreement.

72. All Documents evidencing or supporting any allegation by USI Insurance Plaintiffs solicited a USI "Client Account or Active Prospective Client."

73. All Documents evidencing or supporting any allegation by USI Insurance that an alleged solicitation or any communication by one or more of the Plaintiffs caused a client to separate, alter, or diminish its business relationship with USI Insurance.

74. All Documents evidencing any policy, rule, or procedure which USI Insurance contends prohibited Plaintiffs from notifying clients of Plaintiffs' resignation.

75. If USI Insurance contends that Dean Anderson had authority to legally bind USI Insurance, produce all documents that constitute, establish, or reflect the existence and scope of that authority, or the lack of such authority, and all documents that constitute, establish or reflect that Dean Anderson actually exercised such authority.

76. If USI Insurance contends that Taylor Anderson had authority to legally bind USI Insurance, produce all documents that constitute, establish, or reflect the existence and scope of that authority, or the lack of such authority, and all documents that constitute, establish or reflect that Taylor Anderson actually exercised such authority.

77. Copies of all contracts executed by Taylor Anderson or Dean Anderson on behalf of USI Insurance.

78. All Documents, including without limitation job descriptions, policies, procedures, authorizations, or other documents of any kind, evidencing or establishing any contention that Dean Anderson and/or Taylor Anderson was legally authorized to create binding contractual relations on behalf of USI Insurance.

79. Produce copies of all contractual obligations entered into by Dean Anderson and/or Taylor Anderson on behalf of USI Insurance.

80. All Documents evidencing or supporting any allegation by USI Insurance that Taylor Anderson and/or Dean Anderson's alleged breach of a fiduciary duty or duty of loyalty to USI Insurance caused a client to separate, alter, or diminish its business relationship with USI Insurance.

81. All Documents evidencing or supporting any allegation by USI Insurance that it has suffered any type of harm, financial or otherwise, caused by Taylor Anderson's and/or Dean Anderson's alleged breach of a fiduciary duty or duty of loyalty to USI Insurance.

Served this 8th day of May, 2020.

- 14 -

        HALL, GILLIGAN,
        ROBERTS & SHANLEVER, LLP

        */s/ Warren R. Hall, Jr.*
        Warren R. Hall, Jr.
        Georgia Bar No. 319405
        whall@hagrslaw.com
        Wayne M. Cartwright
        Georgia Bar No. 257328
        wcartwright@hgrslaw.com
        3340 Peachtree Road NE, Suite 1900
        Atlanta, Georgia 30326-1082
        T - (404) 442-8776
        F - (404) 537-5555

        *Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JAMESON TAYLOR ANDERSON; DEAN ANDERSON; and ROGER MALDONADO**     )<br>     )<br>     )<br>     )<br>     Plaintiff,     )<br>     )<br>v.     )<br>     )<br>USI ADVANTAGE CORP. and     )<br>USI INSURANCE SERVICES, LLC     )<br>     )<br>     Defendants.     )<br>_____) | CIVIL ACTION NO.<br>19-CV-05582-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020, I served Plaintiffs' Second Requests for Production to Defendant USI Insurance Services LLC on the following attorneys of record via US Mail and electronic mail:

Nancy H. Baughan, Esq.
nbaughan@phrd.com
Jared C. Miller, Esq.
jmiller@phrd.com
Matt M. Weiss, Esq.
mweiss@phrd.com

Parker, Hudson, Rainer & Dobbs LLP
303 Peachtree Street, NE
Atlanta, Ga 30308


*/s/ Wayne M. Cartwright*
Wayne M. Cartwright